1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                               **DISTRICT OF NEVADA**

9                                        **\*\*\***

10   KEVIN KROHN,                              )
                                               )
11                   Plaintiff(s),             )        Case No. 2:12-cv-02099-JCM-NJK
                                               )
12   vs.                                       )        REPORT AND RECOMMENDATION
                                               )
13   AMERICAN AUTOMOBILE ASSOC.                )
     OF N. CAL. NEV. & UTAH,                   )
14                                             )
                     Defendant(s).             )
15   _____)

16          Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rules 37(d)

17   and 41(b),[1] filed on September 4, 2013.  Docket No. 32.  Plaintiff's Response was due on September 23,

18   2013.  *See* Local Rule 7-2(b).  To date, Plaintiff has failed to file a Response.  The Court finds the matter

19   properly resolved without oral argument.  *See* Local Rule 78-2.  For the reasons discussed more fully

20   below, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

21                                    **BACKGROUND**

22   **A.      Discovery Background**

23          On December 10, 2012, Defendant filed a Petition for Removal from Clark County District Court.

24   Docket No. 32, at 4; Docket No. 1.  On January 8, 2013, the day before the Joint Status Report was due,

25   Plaintiff's counsel indicated that he planned to file a motion to withdraw as attorney that day.  Docket No.

26

27

28          [1]

            Unless otherwise indicated, references to "Rules" refer to the Federal Rules of Civil Procedure.

1   32, at 4.[2]  As a result, Defendant filed an individual Status Report on January 9, 2013. *Id.*; Docket No. 9.

2   On January 16, 2013, Defendant's counsel contacted Plaintiff's counsel to inform him that the deadline for

3   holding the Rule 26(f) conference was that day, but received no response. Docket No. 32, at 4. The next

4   day, Plaintiff's counsel informed Defendant's counsel that he would file his motion to withdraw that day

5   and, on January 17, 2013, Plaintiff's counsel filed his first motion to withdraw as attorney. *Id.*, at 4-5.

6           On January 22, 2013, this Court set a hearing on Plaintiff's counsel's motion to withdraw for

7   January 28, 2013. Docket No. 12. The Court's Order specifically stated that Plaintiff must attend the

8   hearing. *Id.* Plaintiff, however, failed to attend the hearing despite the Court's Order. Plaintiff's counsel

9   represented to the Court that, although he had had contact with Plaintiff prior to the hearing, Plaintiff was

10  temporarily out of state and would not attend the hearing. *See* Docket No. 14. The Court ordered a further

11  hearing for February 5, 2013, and again ordered Plaintiff to appear in person. Docket Nos. 14, 16. On

12  February 5, 2013, Plaintiff appeared in person for the continued hearing. Docket No. 18. The Court found

13  that he had failed to comply with a Court Order, and ordered him to pay defense counsel's fees for

14  appearing at the February 5, 2013, hearing pursuant to Rule 16(f). Docket No. 18. Additionally, Plaintiff

15  and Plaintiff's counsel represented to the Court that they wished to continue their relationship, and

16  Plaintiff's counsel withdrew his motion to withdraw. *See* Docket No. 18; Hearing Tr. (Feb. 5, 2013) at

17  10:45-10:47 a.m. The parties agreed on an amount of fees to be paid to defense counsel; however, Plaintiff

18  has not paid this amount to date. Docket No. 32, at 5; Exhibit B, at ¶¶ 7-9.

19          Counsel held the Rule 26(f) conference on February 15, 2013. *See* Docket No. 32, at 5. During

20  this conference, the parties agreed to make their initial disclosures by March 1, 2013, pursuant to Rule

21  26(a)(1). *Id.* To that end, the Court entered a scheduling order requiring initial disclosures be made on or

22  before March 1, 2013. Docket No. 24, at 2. Plaintiff, however, failed to do so and, to date, has failed to

23  disclose any witnesses, documents, or computation of damages. Docket No. 32, at 5; Exhibit B, at ¶¶ 21-

24

25          [2]

26      Plaintiff's counsel claimed to Defendant's counsel on a few different occasions, as early as
    December 6, 2012 (in a letter dated November 7, 2012), that he intended to withdraw as counsel of record.
27  Despite these claims, however, Plaintiff's counsel did not file his first motion to withdraw until January 17,
    2013. Docket No. 32, at 4-5; Docket No. 11.

28

1    23.

2           On March 14, 2013, Defendant's counsel asked Plaintiff's counsel to provide a list of available

3    dates for Plaintiff's deposition, by March 20, 2013.  Docket No. 32, at 5.  On April 9, 2013, having

4    received no such list, Defendant scheduled Plaintiff's deposition for April 26, 2013, and provided notice

5    to Plaintiff.  *Id*., at 5; Exhibit E.  Approximately 36 hours before the deposition was scheduled to occur,

6    Plaintiff's counsel informed Defendant's counsel that Plaintiff was unable to attend the deposition.  *Id*.,

7    at 5-6.  Defendant's counsel agreed to accommodate Plaintiff, and re-scheduled his deposition for May 15,

8    2013, a date on which Defendant's counsel was told Plaintiff was available.  *Id*., at 5-6;  Exhibit F.  On

9    May 15, 2013, 45 minutes prior to the scheduled deposition, Plaintiff's counsel informed Defendant's

10   counsel that he had not been able to contact Plaintiff and was unsure as to whether Plaintiff would appear

11   for his deposition.  *Id*., at 6.  Plaintiff failed to appear for his scheduled deposition on May 15, 2013, and

12   Defendant's counsel entered a notice of non-appearance.  *Id*., at 6; Exhibit G.

13          Since May 15, 2013, Plaintiff has not engaged in any action to further this lawsuit.  *Id*., at 6; Exhibit

14   B, at ¶ 15.

15   **B.    Motions**

16          On August 13, 2013, Defendant filed its first motion to dismiss the instant case with prejudice.

17   Docket No. 29.  Defendant certified that it had caused the motion to be served on Plaintiff's counsel via

18   CM/ECF.  *Id*., at 14.  Plaintiff never filed an opposition to Defendant's motion.  On September 3, 2013,

19   the Court denied Defendant's motion without prejudice based primarily on a perceived lack of notice to

20   Plaintiff.  Docket No. 30.  In particular, the Court, after reviewing the docket, had determined that the

21   motion had not been served on Plaintiff's counsel via CM/ECF.  *Id*., at 1.  At that time, the information

22   provided to the Court indicated that Defendant had only attempted to serve the motion on Plaintiff's

23   counsel via CM/ECF.  *See* Docket No. 29, at 14.  After the Court denied Defendant's motion, Defendant

24   filed notice that, on August 16, 2013, the motion to dismiss was personally served on Plaintiff's counsel.

25   *See* Docket No. 31.  Accordingly, Plaintiff's counsel had actually received the motion despite the CM/ECF

26   error, but had nonetheless failed to timely file a response to the motion to dismiss.

27          On September 4, 2013, Defendant filed the instant motion to dismiss.  Docket No. 32.  The deadline

28   to respond to the renewed motion to dismiss was September 23, 2013.  *See* Local Rule 7-2(b).  On

1   September 10, 2013, Plaintiff's counsel filed his second motion to withdraw as attorney. Docket No. 33.

2   On September 13, 2013, the Court issued an order, setting a hearing on Plaintiff's counsel's motion to

3   withdraw for October 9, 2013. Docket No. 34. The Court reminded counsel that, "unless and until the

4   Court grants his motion to withdraw, he remains Plaintiff's counsel of record. As such, Mr. Hilton

5   continues to be responsible for complying with all deadlines in this case." Docket No. 34, at 1. Plaintiff

6   has failed to file an opposition to Defendant's renewed motion to dismiss.

## DISCUSSION

8   Defendant now renews its motion to dismiss Plaintiff's claims. As noted above, Defendant's

9   motion is based on: (1) Plaintiff's failure to provide initial disclosures by the deadline agreed upon by the

10   parties and set in the Court's scheduling order; (2) Plaintiff's continuing failure to provide initial

11   disclosures; (3) Plaintiff's failure to appear at his duly noticed deposition; (4) Plaintiff's failure to comply

12   with the Court's order to appear at the January 23, 2013 hearing and to pay the attorney's fees incurred as

13   a result; and (5) Plaintiff's failure to prosecute his case.

14   Pursuant to Local Rule 7-2(d), the failure to file a timely response to any motion constitutes a

15   party's consent to the granting of the motion. Plaintiff has failed to file a response to Defendant's renewed

16   motion to dismiss.[3] Therefore, under Local Rule 7-2(d), he has consented to the granting of Defendant's

17   motion. Nonetheless, the Court exercises its discretion to evaluate the merits of the motion.

18   **A.    Standards**

19   The Court has the power to dismiss an action, in whole or in part, for discovery misconduct and/or

20   violations of Court orders. *See, e.g.*, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). Although

21

22   [3]

23   Plaintiff's failure to file a response to the instant motion is not an isolated incident; in fact, his failure
    to respond to motions has been a pattern throughout this case. On December 17, 2012, Defendant filed a

24   motion to dismiss plaintiff's fourth and fifth causes of action in his Complaint. Docket No. 4. Plaintiff
    failed to file a response to that motion and, on January 14, 2013, United States District Judge James C.

25   Mahan granted Defendant's motion. Docket No. 10. Further, on August 16, 2013, Plaintiff's counsel was
    served with another motion to dismiss, *see* Docket No. 31, and Plaintiff failed to respond to that motion, *see*

26   Docket No. 30.

27
    The Court has been unable to find one motion filed by Defendant in this case to which Plaintiff filed

28   a response.

1    Defendant asks this Court to dismiss Plaintiff's Complaint pursuant to Rules 37(d) and 41(b) specifically,

2    Plaintiff's conduct implicates numerous provisions of the Rules.  For example, Rule 16 is a central pretrial

3    rule that authorizes the Court to manage cases "so that disposition is expedited, wasteful pretrial activities

4    are discouraged, the quality of the trial is improved, and settlement is facilitated."  *In re*

5    *Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts

6    teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to

7    obey a scheduling or pretrial order, including dismissal."  *Id*.; *see also* Rule 16(f)(1)(C).

8        Rule 37 provides for sanctions against a party for discovery misconduct.  Rule 37(c) states, in

9    pertinent part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . .

10   . the court . . . may impose . . . appropriate sanctions."  Rule 37(d)(1)(A) states, in pertinent part, "[t]he

11   court . . . may, on motion, order sanctions if: a party . . . fails, after being served with proper notice, to

12   appear for that person's deposition."  Sanctions provided under these provisions of Rule 37 include

13   "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part."  *See*

14   Rule 37(b)(2)(A)(iii) and (vi).

15       Lastly, Rule 41(b) states, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with

16   these rules or a court order, a defendant may move to dismiss the action or any claim against it."

17       Dismissal for failure to obey a court order or provide discovery is a harsh penalty and should only

18   be imposed in extreme circumstances.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987);

19   *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986).  Having

20   reviewed the docket and all exhibits before it, the Court finds that Plaintiff has refused to meaningfully

21   participate in the case that he initiated.  Plaintiff failed to appear for his own deposition that was noticed

22   twice, failed to disclose any witnesses, failed to disclose any documents, failed to disclose a computation

23   of damages, made little to no effort to stay in contact with his counsel, failed to appear at a Court hearing,

24   failed to pay sanctions ordered by the Court, and has generally not made any effort to prosecute his case.

25   Plaintiff's conduct violated the Court's orders and the Federal Rules of Civil Procedure.

26       When evaluating whether case-dispositive sanctions are appropriate, the Court considers five

27   factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its

28   docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their

1    merits and 5) the availability of less drastic sanctions." *Phenylpropanolamine Products*, 460 F.3d at 1226

2    (internal citations and quotations omitted).  These factors are "not a series of conditions precedent before

3    the judge can do anything," but a "way for a district judge to think about what to do."  *Id.*   The Ninth

4    Circuit affirms dismissal where at least four factors support dismissal or where at least three factors

5    "strongly" support dismissal.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998).   In

6    determining an appropriate sanction, the court may consider all of the offending party's litigation conduct.

7    *See, e.g.*, *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).

8            **1.      Expeditious Resolution of Litigation**

9            "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the

10   same token, delay in reaching the merits ... is costly in money, memory, manageability, and confidence in

11   the process."  *Phenylpropanolamine Products.*, 460 F.3d at 1227.  Discovery in this case began over six

12   months ago and, due to Plaintiff's disregard of his discovery obligations, almost no discovery has been

13   conducted.  Plaintiff gave very little notice to Defendant that he would not appear for his first scheduled

14   deposition, and then failed to appear for his second noticed deposition.  He has failed to designate any

15   witnesses or documents; he has not provided a computation of damages; and, since May 15, 2013, he has

16   done absolutely nothing to further this litigation.

17           Plaintiff's discovery failures are well-documented and Plaintiff has not provided any justification

18   for his decision to not meaningfully participate in this case.  Despite the attempts of Defendant's counsel

19   to accommodate him so that Plaintiff could comply with his discovery obligations, Plaintiff has failed to

20   do so.  Additionally, Plaintiff has failed to comply with the Court's scheduling order.  Plaintiff's behavior

21   is contrary to Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this case.

22           **2.      Court's Need to Manage its Docket**

23           The Court's inherent power to control its docket includes the ability to issue sanctions of dismissal

24   where appropriate.  *Thompson*, 782 F.2d at 831.  "It is incumbent upon us to preserve the district courts'

25   power to manage their dockets" without being subject to endless non-compliance with case management

26   orders.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (as amended).   In addition, the Supreme

27   Court has recognized that dismissal "must be available to the district court in appropriate cases, not merely

28   to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might

1 be tempted to such conduct in the absence of such a deterrent." *Phenylpropanolamine Products*, 460 F.3d

2 at 1227 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49

3 L.Ed.2d 747 (1976)).

4 Plaintiff's refusal to comply with the Court's orders and to meaningfully participate in discovery

5 has thwarted the advancement of this case by making it difficult for the Court to effectively manage its

6 docket.  Indeed, despite the fact that the deadline for providing initial disclosures lapsed more than six

7 months ago, Plaintiff still has not disclosed any witnesses, documents, or computation of damages.  Docket

8 No. 32, at 5; Exhibit B, at ¶¶ 21-23.

9 **3.      Risk of Prejudice to the Defendant**

10 "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial

11 or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d

12 1406, 1412 (9th Cir.1990).  Failing to provide discovery as ordered is considered sufficient prejudice, as

13 is the unjustified failure to appear at scheduled depositions. *Id*.

14 The risk of prejudice to Defendant is clear.  By not meaningfully participating in discovery, Plaintiff

15 has failed to identify evidence and witnesses supporting his claims and, consequently, has made it

16 impossible for Defendant to properly defend against those claims.  Additionally, Plaintiff has provided no

17 justification for failing to appear at his noticed deposition, and has not made any attempt to reschedule the

18 deposition.

19 These discovery abuses have severely and completely prevented proper discovery and significantly

20 prejudiced Defendant in its attempts to defend this case. Such abuses warrant a severe sanction, which in

21 this case is dismissal of the complaint.

22 **4.      Public Policy Favoring Disposition of Cases on Their Merits**

23 The public policy favoring disposition of cases on their merits "strongly counsels against

24 dismissal." *Phenylpropanolamine Products*, 460 F.3d at 1228.  "At the same time, a case that is stalled or

25 unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move

26 forward toward resolution on the merits." *Id*.  Therefore, this factor "lends little support" to a party whose

27 responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress

28 in that direction. *Id*.

7

1    Here, Plaintiff's conduct has significantly impeded the progress of this case toward disposition on

2    the merits.  Therefore, the Court finds that hearing this case on the merits is not possible. Plaintiff has

3    refused to cooperate in discovery, violated Court orders, failed to respond to motions, and has now

4    completely failed to take any action on this case for at least the past five months.  There is no indication

5    that Plaintiff will actually pursue his case should he be given an additional opportunity to do so.  Thus, this

6    factor "lends little support" to Plaintiff.

7            **5.       Availability of Less Drastic Sanctions**

8            The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the

9    impact of the sanction and the adequacy of less drastic sanctions."  *In re Phenylpropanolamine (PPA)*

10   *Products Liab. Litig.*, 460 F.3d at 1228 (internal quotes and citations omitted).   The Court has considered

11   a number of less drastic sanctions and finds that none of them feasibly nor fairly addresses the discovery

12   abuses in this case.  For example, a monetary sanction alone would not be adequate.  The Court has already

13   imposed a monetary sanction on Plaintiff, and he has failed to pay it.  Moreover, that monetary sanction

14   has not deterred additional misconduct by Plaintiff, as it is apparent that Plaintiff has not participated in

15   good faith or otherwise in the discovery process and he has no intention of attempting to comply with his

16   pre-trial obligations.  As a result, less drastic sanctions would not be effective in this case.  Furthermore,

17   Plaintiff failed to respond to Defendant's Motion to Dismiss, which constitutes consent to the granting of

18   the motion pursuant to Local Rule 7–2(d). The Court can only conclude that Plaintiff has abandoned his

19   claims and, therefore, will recommend that Plaintiff's claims be dismissed. *See, e.g.*, *Daniels v. Jenson*,

20   2013 WL 1332248, \*4 (D. Nev. Mar. 11, 2013), *adopted* 2013 WL 1332248 (D. Nev. Apr. 1, 2013).[4]

21           Therefore, the Court finds that the factors discussed above militate strongly in favor of case-

22   dispositive sanctions.

23   _____

        [4]

24   
25       Less drastic sanctions would also be insufficient in light of the significant prejudice to Defendant.
     Defendant has pursued this case diligently and properly, only to be continuously road-blocked and burdened
     by Plaintiff's refusal to cooperate in discovery.  This has left Defendant without the discovery needed to
26   defend itself in this action.  Plaintiff's pattern of discovery abuses make it impossible for the Court to
27   conduct the trial in this case with any reasonable assurance that the truth would be available. *See, e.g.*, *Herb*
     *Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720, \*8 (D. Nev. July 11, 2013),
28   *adopted*, 2013 WL 5278518 (D. Nev. Sept. 17, 2013).

1    Based on the foregoing, and good cause appearing therefore,

2         **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that

3    Defendant's Motion to Dismiss (Docket No. 32) be **GRANTED**.

4         **IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment accordingly.

5         DATED: October 2, 2013

6

7

8                                              _____
                                               NANCY J. KOPPE
                                               United States Magistrate Judge
9

10                                    **NOTICE**

11         Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in**

12    **writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme

13    Court has held that the courts of appeal may determine that an appeal has been waived due to the failure

14    to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

15    held that (1) failure to file objections within the specified time and (2) failure to properly address and brief

16    the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

17    from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

18    *Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

19

20

21

22

23

24

25

26

27

28