**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN KROHN, | ) |
| Plaintiff(s), | ) Case No. 2:12-cv-02099-JCM-NJK |
| vs. | ) ORDER SANCTIONING ATTORNEY |
| AMERICAN AUTOMOBILE ASSOC. OF | ) CORY HILTON |
| N. CAL. NEV. & UTAH, | ) (Docket Nos. 38, 39) |
| Defendant(s). | ) |

Pending before the Court is an order for Plaintiff and Plaintiff's counsel (Cory Hilton) to show cause in writing why they should not be sanctioned. Docket No. 38. Defendant filed a declaration seeking $450 in attorney's fees. *See* Docket No. 39. Plaintiff and Mr. Hilton filed a response to the order to show cause. Docket No. 40. For the reasons discussed more fully below, the Court finds that Mr. Hilton should be sanctioned in the amount of $350.

**I.    STANDARDS**

Attorneys are required to follow court orders. *See, e.g.*, Fed. R. Civ. P., Rule 16(f).[1] Rule 16(f) requires counsel to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be

---

[1] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

Similarly, the Local Rules make clear that the Court may "impose any and all appropriate sanctions" on attorneys who, without just cause, either fail to appear when required for argument on a motion or otherwise fail to comply with any order of the Court. Local Rule IA 4-1.

## II.   BACKGROUND

On September 11, 2013, Mr. Hilton filed a motion to withdraw as counsel. Docket No. 33. The Court set a hearing on Mr. Hilton's motion for October 9, 2013, at 4:00 p.m. Docket No. 34. The Court expressly ordered that Plaintiff attend the hearing. *Id.* ("THERE WILL BE NO EXCEPTIONS TO THESE ATTENDANCE REQUIREMENTS.") As part of that order, the Court required Mr. Hilton to notify his client of the hearing and to file a proof of service indicating he had done so, no later than September 17, 2013. *Id.*

Mr. Hilton did not file the proof of service required by the Court's order.[2] Moreover, the Court called Mr. Hilton's motion for hearing as scheduled, and neither Mr. Hilton nor his client appeared. *See* Docket No. 37. Accordingly, Mr. Hilton violated a Court order.[3]

//
//

---

[2] Mr. Hilton's response to the order to show cause fails to indicate that he notified Plaintiff of the order setting the hearing of October 9, 2013. *See* Docket No. 40 at ¶ 1 ("I am unable to locate a proof of service on Mr. Krohn"). The response makes clear that the failure to comply was the result of Mr. Hilton's conduct, rather than Plaintiff's conduct. As such, the Court discharges the order to show cause as it relates to Plaintiff himself and this order focuses on the conduct of Mr. Hilton.

[3] These violations are by no means an isolated incident. *See* Docket No. 36.

### III.   ANALYSIS

The response to the order to show cause concedes that Mr. Hilton disobeyed the Court's order. Mr. Hilton explains his disobedience by asserting that his staff-person assigned to assist him in this matter is on a leave of absence. *See* Docket No. 40 at ¶ 2. As that staff-person had "direct responsibility" for reviewing electronic notices of Court orders, Mr. Hilton asserts that he was unaware of the Court's order. *Id.* at ¶ 3.[4] That does not excuse Mr. Hilton's disobedience of the Court's order. Attorneys are ultimately responsible for maintaining their CM/ECF accounts, and for reviewing and responding to Court orders. *See Cabrera v. New Albertson's Inc.*, 2013 U.S. Dist. Lexis 101497, *4 (D. Nev. July 19, 2013). Mr. Hilton provides no indication why he did not update his CM/ECF account or check the docket himself regarding his own motion.

The Court finds that sanctions are appropriate pursuant to Rule 16(f) and Local Rule IA 4-1. The Court has broad discretion in fashioning the appropriate sanctions. *See, e.g.*, *Official Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). The Court may award any "just" sanctions under Rule 16(f) and "any and all appropriate" sanctions under Local Rule IA 4-1. The Court finds that a sanction of Defendant's attorney's fees incurred as a result of Mr. Hilton's misconduct is appropriate here.

Although Mr. Hilton failed to challenge the fees sought,[5] the Court will reduce the fees sought due to an apparent mathematical or typographical error. Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Defendant's counsel identified 1.67 hours of time expended, as well as an hourly rate of $210. *See* Docket No. 39 at ¶ 6. The Court finds that the time identified and the hourly rate are reasonable. Accordingly, the Court imposes a sanction of $350 in Defendant's attorney's fees. This sanction is to

---

[4] The Notice of Electronic Filing indicates that notice of the order was actually provided to two individuals designated by Mr. Hilton. *See* Docket No. 34 (NEF showing notice was electronically mailed to amhiltonlaw@gmail.com and cmhiltonlaw@gmail.com).

[5] Mr. Hilton had an opportunity to object to Defendant's calculation of attorney's fees. *See* Docket No. 38 (objections to the fees sought were to be included in response to order to show cause).

1  be borne by Mr. Hilton personally.  Mr. Hilton shall make that payment no later than October 30, 2013.
2  Mr. Hilton shall also file and deliver to chambers proof of payment no later than November 4, 2013.
3      IT IS SO ORDERED.
4      DATED: October 18, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge